# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 15, 2010

Lyle W. Cayce
Clerk

No. 09-51049
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO DELGADO-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-2013-1

Before REAVLEY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Francisco Delgado-Garcia appeals the 46-month sentence imposed following his guilty plea conviction for illegal reentry following deportation in violation of 8 U.S.C. § 1326. He contends that the sentence is substantively unreasonable because it was greater than necessary to accomplish the sentencing goals set forth in 18 U.S.C. § 3553(a). He argues that the guidelines range was too severe because U.S.S.G. § 2L1.2 double counts a defendant's criminal record. He also argues that the guidelines range overstated the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

seriousness of his non-violent reentry offense, which amounted to a mere "international trespass." Finally, Delgado-Garcia argues that the guidelines range failed to account for his motive for reentering the United States; specifically, to be with and financially support his wife and three United States citizen children, all of whom were having difficulty adjusting to his absence.

We review the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 51 (2007). "A discretionary sentence imposed within a properly calculated guidelines range is presumptively reasonable." *United States v. Campos-Maldonado*, 531 F.3d 337, 338 (5th Cir. 2008).

The district court considered Delgado-Garcia's request for a downward variance, and it ultimately determined that a sentence at the bottom of the applicable guidelines range was appropriate based on the circumstances of the case and the § 3553(a) factors. Specifically, the district court noted that Delgado-Garcia had been sentenced to 41 months of imprisonment on his prior illegal reentry conviction.

We have rejected the argument that using a prior conviction to increase the offense level and calculate the criminal history category renders a within-guidelines sentence unreasonable. *United States v. Duarte*, 569 F.3d 528, 529-31 (5th Cir.), *cert. denied*, 130 S. Ct. 378 (2009). Further, Delgado-Garcia's assertions that the non-violent nature of his offense and his motive for reentering the United States justified a lower sentence are insufficient to rebut the presumption of reasonableness. *See United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008). Therefore, Delgado-Garcia has failed to show that his within-guidelines sentence is substantively unreasonable. *See id.* Accordingly, the district court's judgment is AFFIRMED.